UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL PRICE,

    Plaintiff,

vs.                                    Case No. 12-15209
                                         Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 23, 2015

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Docket #25). Defendant has responded, and Plaintiff has filed a reply.[1] The Court finds that the facts and legal arguments pertinent to parties' motions are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Plaintiff's Application be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Plaintiff's Application is GRANTED IN PART and DENIED IN PART.

---

[1] For the reasons set forth therein, the Court GRANTS Plaintiff's Motion for Leave to File Oversized Reply (Docket #28).

1

## II. BACKGROUND

Plaintiff filed an application for Social Security Disability Income Benefits on April 23, 2010, alleging that he has been disabled and unable to work since April 7, 2010 (later amended to February 24, 2011), due to back and leg injuries suffered in job-related incidents. Benefits in this case were denied initially on October 6, 2010. A de novo hearing was held on May 13, 2011, before Administrative Law Judge Daniel G. Berk (the "ALJ"). In a decision dated July 8, 2011, the ALJ found that "jobs in substantial numbers existed for someone of [Plaintiff's] age, education, experience and residual functional capacity." *See* Docket #21, at 10. The ALJ concluded that Plaintiff could perform a limited range of light work and was not disabled. The ALJ's decision became the Defendant's final decision when the Appeals Council denied review on September 28, 2012. This Court issued an Opinion and Order, wherein the Court: (1) found that the ALJ did not provide Plaintiff with "good reasons" for rejecting the opinion of his long-time physician (Dr. Jeff Pierce), and (2) remanded this matter to Defendant for the purpose of thoroughly assessing, considering, and discussing the opinion of Dr. Pierce regarding Plaintiff's condition as it relates to Plaintiff's application for benefits. Plaintiff then filed the instant application to recover $8,261.41 in attorney fees and expenses.

## III. STANDARD OF REVIEW

The EAJA allows fees and other expenses to a party prevailing against the government in litigation, if that party files a timely application and meets a net-worth requirement (which Plaintiff does in this case). The government can avoid an award of such fees and costs if the position of the government was substantially justified, which means that both the underlying denial of disability and the agency's position in court were been reasonable. 28 U.S.C. §2412(d)(2)(D).

The government's position is substantially justified if it is "'justified in substance or in the main,' that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The test of substantial justification is one of reasonableness, and attorney fees are not to be awarded just because the government lost the case. *See Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987); *see also Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989) (upholding district court's denial of EAJA fees because, while the ALJ's decision was not supported by substantial evidence, the agency's litigation position was grounded in a reasonable belief in fact and law). In sum, "the substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations." *Brouwers*, 823 F.2d at 275 (emphasis added). In assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's conduct, and not focus on isolated aspects of the government's position. *See Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). The fact that the government was incorrect on one point does not mean that it lacked substantial justification for its litigation position during the entirety of the civil action. *See Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

## IV. ANALYSIS

When the Court remanded this case to the Defendant, Plaintiff became the prevailing party. The Court now must determine whether the Defendant's position was substantially justified and, if so, whether the fees requested by Plaintiff are reasonable.

**A.     Defendant's Position Not Substantially Justified**

As set forth in the Court's Opinion and Order granting in part Plaintiff's Motion for Summary Judgment, the Court found that the ALJ failed to adequately assess, consider and discuss the opinion

of Dr. Jeff Pierce, Plaintiff's long-time physician, or give "good reasons" for rejecting Dr. Pierce's opinion. A fundamental rule of disability law is the treating source rule, whereby "[a]n ALJ must give the opinion of the treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting former 20 C.F.R. § 404.1527(d)(2), now § 404.1527(c)(2)); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

As Plaintiff has noted, the Sixth Circuit has clearly established that Defendant's position is not substantially justified when the ALJ fails to follow Defendant's own procedural guidelines in the "good-reason" context. *Wilson*, 378 F.3d at 545 (*citing Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from the ALJs that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.")).

For the reasons set forth in the Report and Recommendation, the Court found that there was not substantial evidence to support the ALJ's conclusion that Plaintiff "does not have an impairment, or impairments, which meet or equal section 14.02." As such, the Court concludes that the underlying denial of disability was not substantially justified and that Plaintiff is entitled to recover fees pursuant to the EAJA.

**B.     Attorney Fees**

Plaintiff asks for total attorney, paralegal and law clerk fees of $8,261.41. Defendant objects to the hourly rates claimed by Plaintiff and argues that some of the fees requested by Plaintiff are not reasonable as they are excessive and duplicative.

*1.     Hourly Rates*

Plaintiff seeks an hourly rate of $178.77 for the attorney work performed in 2012 and an hourly rate of $181.60 for the attorney work performed in 2013. Defendant argues that Plaintiff's fee per hour requests unjustifiably exceed the EAJA statutory cap of $125.00/hour and that Plaintiff did not meet his burden of proving that the requested fees are in fact reasonable. With the Court's knowledge of the local legal market in mind – which is supported by the documentation submitted by Plaintiff in his Application, the Court finds that an hourly billing rate of $170.00/hour is reasonable for this type of case and this type of representation. The Court further finds that a rate of $170.00/hour is in line with amounts awarded within this district for similar matters. The Court therefore concludes that Plaintiff shall be awarded $170.00/hour for all reasonable legal expenses.

Plaintiff also requests that the Court grant hourly fees of $125.00 for law clerk work and $100.00 for paralegal work. Defendant objects to these amounts, particularly the $125.00 per hour for the law clerks because at least some of the work performed by such law clerks were clerical and/or administrative. The Court agrees with Defendant, and the Court concludes that Plaintiff is entitled to an hourly fee of $100.00 for all reasonable law clerk and paralegal work.

*2.     Reasonable Hours Expended*

Plaintiff claims 43.42 attorney hours, .64 law clerk hours, and 3.02 paralegal hours, and Plaintiff has submitted time logs, attorney affidavits, and office affidavits in support of his claims for attorney fees. To begin, the Court is unfamiliar with the billing increments utilized by Plaintiff, but Defendant did not object to the billing increments utilized by Plaintiff. As such, the Court also will utilize them for purposes of this Opinion.

The Court agrees with Defendant's argument that some of Plaintiff's fees were not reasonable;

specifically, the Court finds it unreasonable that Defendant used five attorneys to work on this case and that duplicative efforts were billed. The typical social security case has one attorney representing the Plaintiff; on occasion, there are two attorneys doing the work. The Court finds that more than 30 hours drafting and editing Plaintiff's motion for summary judgment to be excessive and much greater than the typical social security case, which this case is. Accordingly, the Court reduces the 30.2 hours spent by Ms. Scheider and Mr. Daley to 25 hours. Likewise, the time spent on the reply brief was excessive and shall be reduced from 8.3 hours to 6 hours. As such, the Court finds that there were 35.92 hours reasonably expended by Plaintiff's attorneys in this case. Finally, the Court finds that all of the law clerk hours were for clerical work and, accordingly, reduces the law clerk hours from 3.66 to 0.

For the reasons set forth above, the Court concludes that: (a) the attorney hours reasonably billed on this case were 35.92, and (b) the law clerk hours reasonably billed were 0. Based on an hourly billing rate of $170/hour for attorneys, the Court holds that Plaintiff is entitled to $6,106.40 in reasonable attorney fees.

## V. CONCLUSION

Accordingly, and for the reasons stated above, Plaintiff's Motion for Attorney Fees is GRANTED IN PART and DENIED IN PART. For the reasons set forth above, Defendant is hereby ORDERED to award Plaintiff's counsel EAJA fees in the aggregate amount of $6,106.40 within 30 days of the date of this Opinion and Order; provided, that if there is a pre-existing debt owed by

Plaintiff to the Government, the Government shall offset from the EAJA award such amount is owed by Plaintiff.

IT IS SO ORDERED.

S/Bernard A. Friedman for the
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2015